FILED

FEB 26 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DAVID PAULSON, | No. 08-36049 |
| Plaintiff - Appellant, | D.C. No. 3:07-cv-00257-AC District of Oregon, Portland |
| v. | |
| MICHAEL J. ASTRUE, Commissioner of Social Security Administration, | ORDER |
| Defendant - Appellee. | |

Before: FARRIS, D.W. NELSON and BERZON, Circuit Judges.

The memorandum disposition filed on December 30, 2009, is withdrawn.

Appellant's Petition for Rehearing And Appellant's Petition for Rehearing En

Banc is denied as moot, without prejudice to refiling a subsequent petition for

rehearing and/or petition for rehearing en banc.

A new memorandum disposition is filed simultaneously with this order.

FILED

NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FEB 26 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DAVID PAULSON, | No. 08-36049 |
| Plaintiff - Appellant, | D.C. No. 3:07-cv-00257-AC |
| v. | |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the District of Oregon
Anna J. Brown, District Judge, Presiding

Argued and Submitted December 11, 2009
Portland, Oregon

Before: FARRIS, D.W. NELSON, and BERZON, Circuit Judges.

David Paulson appeals the district court's order affirming the

Commissioner's decision denying Paulson Social Security Disability insurance

benefits. Because the Administrative Law Judge's ("ALJ") decision to discredit

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

various sources of evidence presented by Paulson and the ALJ's determination that Paulson's condition does not meet or equal the requirements of Listing 1.04B are both supported by substantial evidence, we affirm.

"[W]e review de novo the district court's order upholding a decision of the Commissioner denying benefits to an applicant. The Commissioner's decision must be affirmed by us if supported by substantial evidence, and if the Commissioner applied the correct legal standards." *Batson v. Comm'r for Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004) (internal citations omitted).

We first hold that the ALJ did not err by relying on the testimony of vocational expert Wilson from a prior hearing before a different ALJ, Judge Atkins. Though Paulson is correct that the ALJ slightly misstated Judge Atkins's prior residual functional capacity determination, we see no reason to believe that this was a new factual finding and not simply an unintentional mistake. The ALJ stated several times in his opinion below that nothing he reviewed on remand warranted modifying Judge Atkins's prior RFC findings and that those findings should remain unchanged.

Second, we hold that the ALJ's decision to discredit Paulson's testimony and various medical opinions is supported by substantial evidence. Paulson's doctors consistently concluded that Paulson's reported symptoms exceeded those

2

that could be attributable to their objective medical findings, and Paulson's activities contradict his reported limitations.

The ALJ also provided clear and convincing reasons for discrediting the opinions of Drs. Kruger, Anderson, Jacobs, Green, and Gritzka.[1] *See Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 601 (9th Cir. 1999). The ALJ properly discredited Dr. Kruger's opinion because it was based solely on an interview with Paulson, whom the ALJ properly found not credible for the reasons given above. The ALJ also properly discredited Dr. Anderson's opinion because it was similarly based on Paulson's report of his subjective symptoms. The ALJ properly discredited Dr. Jacobs's opinion because it was inconsistent with Dr. Jacobs's own prior treatment notes, including those indicating that Paulson's subjective symptoms could not be explained by objective medical evidence. The ALJ, therefore, also properly discredited Dr. Green's opinion, which was based heavily on Dr. Jacobs's opinion. Further, the ALJ properly discredited Dr. Gritzka's opinion because Gritzka was neither a treating nor an examining physician, and thus his opinion was superseded by the opinions of Paulson's treating and

---

[1] Because we affirm the ALJ's challenged determinations on the merits, we do not address the Commissioner's alternative argument that the law of the case precludes Paulson from challenging them here.

3

examining physicians. Finally, the ALJ did not err in relying on Dr. Carvalho's opinion, which constituted competent evidence.

We further hold that the ALJ did not commit reversible error in failing to consider the opinion of Paulson's chiropractor, Dr. Christensen, because Dr. Christensen's opinion was also based on Paulson's report of his subjective symptoms. Dr. Christensen's opinion also contradicts acceptable medical sources, which are generally given greater weight. *See* 20 C.F.R. § 404.1513(d)(1); SSR 06-3p ("The fact that a medical opinion is from an 'acceptable medical source' is a factor that may justify giving that opinion greater weight than an opinion from a medical source who is not an 'acceptable medical source' because . . . 'acceptable medical sources' 'are the most qualified health care professionals.'").

Third, we hold that the ALJ's determination that Paulson's condition does not meet or equal the requirements of Listing 1.04B, Disorders of the Spine, 20 C.F.R. Pt. 404, Subpt. P, § 1.04, is supported by substantial evidence. The ALJ noted that Paulson's medical record contains various medical images of Paulson's back and related medical findings, none of which mention spinal arachnoiditis. *See* 20 C.F.R. Pt. 404, Subpt. P, § 1.04 (stating that arachnoiditis may be "confirmed by . . . appropriate medically acceptable imaging"). The ALJ also did not err in

4

concluding that Paulson's combined physical and mental impairments did not equal this listing.

AFFIRMED.